### No. 13,288.

D. F. BLACKMER FURNITURE COMPANY *v.* BINGHAM.
(21 P. [2d] 711)

Decided April 24, 1933.

Mr. CHARLES E. FRIEND, for plaintiff in error.

Mr. VICTOR A. MILLER, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as Bingham and the company respectively.

Bingham sued the company for $180. A general demurrer to the complaint was overruled. The company elected to stand, and to review the judgment thereupon entered against it it prosecutes this writ and asks that it be made a supersedeas.

The only question presented is, Does the complaint state a cause of action? It alleges that one whom, for convenience, we designate as Mrs. Burns, occupied an apartment leased from Bingham, the owner; that the latter by the terms of his written lease, had a lien on tenant's furniture to secure rent, by virtue of which lien he was entitled to possession because Mrs. Burns was in default in the sum of $180; that Bingham had no knowledge that the company had any interest in, or claim on, said furniture; that the company claimed a right of possession of said furniture by virtue of an alleged chattel mortgage, by reason of which claim a dispute arose between the parties as to their respective rights of possession; that to compromise said dispute, and in consideration of Bingham's forbearance to assert his claim, the company on June 6, 1932, orally warranted that its alleged mortgage was a prior lien, and if not it would pay Bingham's claim; that the company's mortgage was executed and recorded ''during the month of December, 1929''; that the company's claim as to the validity of its said mortgage and the priority of its lien was false; and that Bingham has demanded payment which the company has refused.

Chapter 76, page 255, S. L. 1927, provides that if the principal debt does not exceed $2,500 a valid recorded chattel mortgage shall remain a lien until the maturity of the last installment of the debt but not exceeding two years. Section 2, chapter 65, page 185, S. L. 1925, provides that the holder of a chattel mortgage shall have six

months after the maturity of the last installment of the indebtedness or "after the date to which the said lien shall have been extended" to file with the clerk and recorder a sworn statement, which, when so filed, shall have the effect of extending the lien of the mortgage.

■ The alleged lease to Mrs. Burns, which we hereinafter refer to as exhibit A, appears in this record as an exhibit attached to the demurrer. It is alleged in the company's brief, and not disputed, that in ruling on a motion the court ordered exhibit A served on the company; that this was done and the exhibit so served filed herein. Assuming the truth of this explanation, exhibit A was probably considered as a portion of the complaint, but we cannot approve this method of amending a pleading.

■ In their briefs herein counsel discuss at length the questions of consideration and the statute of frauds, citing many authorities in support of their respective contentions. Irrespective of these, we think this complaint states no cause of action.

Many of the allegations of representations made by the company concerning its chattel mortgage are mere statements of conclusions of law. The same is true as to Bingham's allegations of the falsity thereof, and is furthermore true as to the allegations concerning the lien of Bingham's lease (unless we have resort to exhibit A). The complaint makes no allegation as to the amount of indebtedness secured by the company's mortgage. If over $2,500 its lien was not limited to two years. The complaint does not allege that the mortgage has not been extended. If it was recorded December 31, 1929 (and this assumption would be within the allegations of the complaint), and its lien limited by statute to two years, this would carry it to December 31, 1931. If, under the Act of 1925, its lien remains valid six months thereafter (another question of law), it would be effective to June 30, 1932, which would be more than three weeks after the

date of the alleged oral contract pleaded in the complaint, regardless of any extension of the mortgage.

Again, if, in the state of this record, we were entitled to consider exhibit A as a part of the complaint and as the alleged lease between Bingham and Mrs. Burns, then there was no such lease and nothing to compromise, because this exhibit purports to be a lease between Mrs. Burns and "The A. S. Miller Estate, owner," is signed by them, and neither complaint nor exhibit indicates how, if ever, Bingham acquired any interest in the contract.

From the foregoing it clearly appears that this complaint does not state a cause of action. The record shows that the trial court first sustained the demurrer, later heard a reargument, took the matter under advisement, and thereafter overruled the demurrer. The court's first impressions were the best.

The judgment is reversed and the cause remanded with directions to proceed in harmony herewith.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BOUCK concur.